# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLINTON L. MOORMAN, JR.,**

        **Plaintiff,**

**-vs-**                          **Case No. 6:07-cv-807-Orl-31DAB**

**ROBERT BROWN,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **May 14, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's complaint is unclear as to the federal basis of relief sought and the legal bases for seeking relief. Plaintiff lists "theft of personal belongings[1]"on the first page of his Amended Complaint, but in this case and four others[2] identically lists a litany of "Legal Terms" (*e.g.* "Enjoin-

---

[1] In the original Complaint, Plaintiff listed these items as clothes, a compact disc player, and a cassette recorder. Doc. No. 1.

[2] Plaintiff has filed a total of five lawsuits along with this one. *See* Case Numbers 6:07cv804 through 07cv807 & 07cv817. The Amended complaint in the other actions are identical to the one filed herein, though naming different defendants in each case.

Injunction-Collateral Estoppel-Evidence . . .") with no explanation whatsoever as to how these random terms, which include such varied concepts as "mens rea," "accord and satisfaction," and "community property," relate to any purported cause of action. The last page of the Legal Terms, however, includes the request: "I want all monitoring records of my stay on the 2nd floor psyche ward while at Tampa VA Hospital" for damages of "$100 zillion or unlimited." Plaintiff also makes reference to having his privacy invaded. Doc. No. 3.

Plaintiff's Amended Complaint (Doc. No. 7) does not describe any facts, and merely identifies the Defendant as "Robert Brown" of East Orange, New Jersey; Plaintiff does not describe the connection of the Defendant to these matters. To the extent Plaintiff is seeking medical records from the VA hospital in Tampa, he has not plead any factual basis connecting this Defendant to the VA hospital, any legal basis giving this Court jurisdiction over this request, nor any basis to establish venue in this division. To the extent this is a tort case under state law, his remedy must lie for any such tort claim with the state courts which have general jurisdiction to hear tort cases, if he can show personal jurisdiction over the New Jersey defendant.[3] It is obvious that these claims by Plaintiff do not invoke any federal statute.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file a second amended complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. **Accordingly, it is respectfully RECOMMENDED that Plaintiff's**

---

[3] There is no indication that plaintiff is attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, and he has not provided any indication of the amount in controversy.

**case be DISMISSED without further notice if he fails to file an amended complaint in compliance with these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Plaintiff Clinton L. Moorman, Jr.
Courtroom Deputy